UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION

| | |
|---|---|
| RICCO WASHINGTON,<br><br>  Plaintiff,<br><br>  v.<br><br>PACIFIC SUMMIT ENERGY LLC and SUMITOMO CORPORATIONS OF THE AMERICAS,<br><br>  Defendants. | Civil Action No. 4:20-cv-290 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant PACIFIC SUMMIT ENERGY LLC (hereinafter "PSE") hereby removes this action from the Montgomery County, Texas, 284th Judicial District Court to the United States District Court for the Southern District of Texas, on the basis of diversity jurisdiction, and files the attached Index of Matters Being Filed With Notice of Removal:

### I.  PLAINTIFF'S STATE COURT ACTION

1. On or about December 23, 2019, Plaintiff Ricco Washington ("Plaintiff") filed an action against Defendant PSE in the Montgomery County, Texas, 284th Judicial District Court, entitled "RICCO WASHINGTON, Plaintiff, v. PACIFIC SUMMIT ENERGY LLC and SUMITOMO CORPORATIONS OF THE AMERICAS[1], Defendants," Cause No. 19-12-17047

---

[1] Plaintiff incorrectly pled this Defendant's name. Its correct name is Sumitomo Corporation of Americas ("SCOA").

1

(the "State Court Action").  A true and correct copy of the Original Petition, Jury Demand, and Requests for Disclosures filed by Plaintiff on December 23, 2019 is attached hereto as **Exhibit "A"** as part of the Index of Matters Being Filed With Notice of Removal.

2. Defendant PSE was served with a copy of the Original Petition, Jury Demand, Requests for Disclosures, and Citation through its registered agent on or about January 16, 2020. A true and correct copy of the Citation served on PSE is attached hereto as **Exhibit "B"** as part of the Index of Matters Being Filed With Notice of Removal.

## II. TIMELINESS OF REMOVAL

3. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1).

4. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1), in that PSE was served with the Complaint on January 16, 2020, which is fewer than thirty (30) days before the filing of this Notice.  (Declaration of Jikja Chung ("Chung Decl.") ¶ 3.).  SCOA has been served and consents to the removal.  (Declaration of Lewis Farberman ("Farberman Decl.") ¶ 3.)

## III. REMOVAL OF ENTIRE ACTION PURSUANT TO 28 U.S.C. § 1332(a)

5. The Complaint, and each alleged cause of action contained therein, may be properly removed on the basis of diversity jurisdiction, in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.

A.   **Complete Diversity Exists Between Plaintiff and Defendants**

   1.   **Plaintiff Is a Citizen of Texas**

6. Plaintiff's complaint alleges that "Plaintiff Ricco Washington . . . is an individual who currently resides at 55 Golden Scroll Circle, The Woodlands, Texas 77382." (Exh. A, ¶ 2.)

7. "[R]esidence is essential to the determination of an individual's domicile. Furthermore, proof that a party is a resident of a state constitutes *prima facie* evidence that he is a citizen of that state." *Hopkins & Raines, Inc. v. Lakeland Motors*, No. 5:14CV110, 2014 WL 12690752, at *2 (E.D. Tex. Dec. 1, 2014) (citing *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011)). "[P]resenting evidence of the person's residence raises a presumption of their domicile. . . . Once this presumption is raised, the person is deemed a resident in the state where their domicile is located until it is rebutted with 'sufficient evidence of change.'" *Brooks v. Wells Fargo Bank, N.A.*, No. 3:19-cv-94-M-BN, 2019 WL 3802136, at *2 (N.D. Tex. May 10, 2019) (quoting *Brady v. Denton Cty. Elec. Coop., Inc.*, No. 4:09-CV-130, 2009 WL 3151177, at *6 (E.D. Tex. Sept. 28, 2009)).

8. Accordingly, Plaintiff is a resident of Texas.

   2.   **Defendants Pacific Summit Energy LLC and Sumitomo Corporation of Americas Are Citizens of New York, Not Citizens of Texas**

9. "The citizenship of a limited liability company . . . is 'determined by the citizenship of all of its members.'" *Smitherman v. Bayview Loan Serv., L.L.C.*, 675 F. App'x 428, 429 (5th Cir. 2017) (per curiam) (quoting *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014)); *see also Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). PSE is a Delaware limited liability company whose only member is SCOA. (Chung Decl. ¶ 2.)

10. A corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) ("we conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities").

11. Defendant SCOA is a corporation incorporated in the State of New York and its headquarters and principal place of business are located at New York, New York. (Farberman Decl. ¶ 2.) Accordingly, Defendant SCOA is a citizen of New York.

12. Because Defendant SCOA is a citizen of New York and is the only member of Defendant PSE, Defendant PSE is similarly a citizen of New York.

13. Thus, because Plaintiff is a citizen of Texas, and Defendants are citizens of New York, complete diversity exists. *See* 28 U.S.C. § 1332(a)(1).

### B. The Amount in Controversy Exceeds the Jurisdictional Minimum

14. For diversity jurisdiction to exist, the matter in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a).

15. In his complaint, Plaintiff pleads: "Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000, as well as injunctive relief." (Exh. A, ¶ 1.)

16. "A plaintiff's declaration pursuant to Rule 47 that the suit seeks more than $75,000 satisfies the amount-in-controversy requirement for removal to federal court." *Rubio v. State Farm Lloyds*, No. H-19-3729, 2019 WL 6330355, at *1 (S.D. Tex. Nov. 26, 2019) (collecting cases); *see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ."); *Wilson v. Allstate Ins. Co.*, No. 4:16-CV-00970-ALM-CAN, 2017 WL 1097213, at *2 (E.D. Tex. Mar. 3, 2017)

("Where the plaintiff's state court petition demands monetary relief of a stated sum, that sum, if asserted in good faith, is deemed to be the amount in controversy." (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014))).

## IV. <u>VENUE IS PROPER IN THIS COURT</u>

17. The United States District Court for the Southern District of Texas, Houston Division is the federal judicial district and division in which the Montgomery County, 284th Judicial District Court sits. This action was originally filed in that court, rendering venue in this federal judicial district and division proper. 28 U.S.C. §§ 84(c)(2), 1441(a).

## <u>CONCLUSION</u>

18. Because this civil action is between citizens of different states and the amount in controversy is claimed to be in excess of $75,000, exclusive of interest and costs, this Court has original jurisdiction over it pursuant to 28 U.S.C. §§ 1332 and 1441(b). Therefore, Defendant PSE respectfully requests that this Court exercise its removal jurisdiction over this entire action.

DATED: January 24, 2020                     PAYNE & FEARS LLP


By:     */s/ Amy R. Patton*
        AMY R. PATTON

        Attorney-in-Charge
        Texas Bar No. 24000740
        PAYNE & FEARS LLP
        4 Park Plaza, Suite 1100
        Irvine, California 92614
        Telephone: (949) 851-1100
        Facsimile: (949) 851-1212

        Attorneys for Defendant
        PACIFIC SUMMIT ENERGY LLC

4835-7442-8849.3

## PROOF OF SERVICE

**Ricco Washington v. Pacific Summit Energy LLC, et al.**
Case No. _____4:20-cv-290_____
United States District Court – Southern District of Texas

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On January 24, 2020, I served true copies of the following document(s) described as **NOTICE OF REMOVAL** on the interested parties in this action as follows:

| | |
|---|---|
| April L. Walter<br>The Strong Firm, P.C.<br>1790 Hughes Landing Blvd., Suite 200<br>The Woodlands, TX  77380<br>Tel:  281.367.1222 | Attorneys for Plaintiff<br>Ricco Washington |
| Adam Gutmann<br>Cozen O'Connor<br>LyondellBassell Tower<br>1221 McKinney Suite 2900<br>Houston, TX  77010<br>Tel:  832.214.3919 | Attorneys for Defendant<br>Sumitomo Corporations of the Americas |

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Payne & Fears LLP's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 24, 2020, at Irvine, California.


Connie A Cason

POS - Federal.docx