UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICCO WASHINGTON, § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CASE NO. 4:20-CV-290 | |
| § | | |
| PACIFIC SUMMIT ENERGY LLC; § | | |
| and SUMITOMO CORPORATIONS § | | |
| OF THE AMERICAS, § | | |
| § | | |
| *Defendants*. § | | |

## **MEMORANDUM AND ORDER ON MOTION TO STRIKE (ECF NO. 15)**

Presently before the Court for disposition pursuant to 28 U.S.C. § 636(b)(1)(A) is Defendant Pacific Summit Energy LLC's "Federal Rule of Civil Procedure 12(f) Motion to Strike References to Confidential Settlement Communications Contained in Plaintiff's First Amended Complaint," ECF No. 15.[1] Plaintiff filed a response in opposition to the motion, ECF No. 22, and Defendant filed a reply, ECF No. 25. Defendant also filed appendices in conjunction with its motion and its reply, ECF Nos. 16 and 26.

### I. BACKGROUND

Plaintiff, an African-American man employed by Defendants, brings this

---

[1] The motion was referred to the undersigned by United States District Judge Keith P. Ellison. ECF No. 28.

1

suit for employment discrimination, harassment, and retaliation under Section 1981 of the Civil Rights Act of 1866, Title VII of the Civil Rights Act of 1964, and Chapter 21 of the Texas Labor Code. ECF No. 11. Plaintiff alleges that Defendants violated those statutes by demanding that he pay back a substantial portion of a bonus he received, either because of his race, or in retaliation for complaints Plaintiff made about discrimination and harassment he had been subjected to by a senior company executive. *Id.*

The present motion seeks to strike from Plaintiff's first amended complaint, ECF No. 11, the entirety of paragraphs 33, 34, 35, 36, and 38, and a portion of paragraph 37. ECF No. 15 at 2–3. Those paragraphs concern purported efforts by the parties' attorneys to resolve the dispute over Plaintiff's bonus and, by extension, Plaintiffs' claims of discrimination, harassment, and retaliation.

## I. RULE 12(f) MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) states that a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike are generally disfavored," *Chicca v. St. Luke's Episcopal Health Sys.*, Case No. 4:10-cv-2990, 2012 WL 651776, at *1 (S.D. Tex. Feb. 27, 2012), "[b]oth because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant as a dilatory tactic," *Jacobs v. Tapscott*, Case No. 3:04-cv-1968-D, 2004 WL 2921806, at *2 (N.D. Tex. Dec. 16, 2004) (internal

quotation marks and citation omitted). "The district court has considerable discretion in disposing of a Rule 12(f) motion to strike." *Blackmer v. Shadow Creek Ranch Dev. Co. P'ship*, Case No. 4:07-cv-681, 2007 WL 7239968, at *2 (S.D. Tex. June 26, 2007) (citing *In re Beef Indus. Antitrust Litig.,* 600 F.2d 1148, 1168 (5th Cir.1979)).

"There are two requirements for a successful motion to strike under Rule 12(f)." *Idar v. Cooper Tire & Rubber Co.*, Case No. 2:10-cv-217, 2010 WL 3702579, at *3 (S.D. Tex. Sept. 15, 2010); *accord Blackmer*, 2007 WL 7239968, at *2. First, it must be clear that the pleading or portion thereof which the movant seeks to strike has or will have "no possible relation to the controversy." *Chicca*, 2012 WL 651776, at *1 (internal quotation marks omitted) (quoting *Augustus v. Bd. of Public Instruction, Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)); *Idar*, 2010 WL 3702579, at *3. Second, the movant must show that "significant prejudice" would result if the motion to strike were denied. *Blackmer*, 2007 WL 7239968, at *2 (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2004) (hereinafter "Wright & Miller")); *accord Idar*, 2010 WL 3702579, at *3; *Landmark Graphics Corp. v. Paradigm Geophysical Corp.*, Case No. 4:05-cv-2618, 2007 WL 189333, at *1 (S.D. Tex. Jan. 22, 2007). "'Conclusory statements about unfair prejudice . . . are not enough to justify [a] motion to strike; a stronger showing is required under [Rule] 12(f).'"

*Landmark Graphics Corp.*, 2007 WL 189333, at *1 (quoting *Auto Wax Co., Inc. v. Mothers Polishes Waxes Auto Wax Co.*, Case No. 3:01-cv-1940-G, 2002 WL 368526, at *5 (N.D. Tex. Mar. 5, 2002)). If the movant fails to make a showing of sufficient prejudice, the motion to strike must be denied, even if the content of the challenged pleading "literally is within one or more of the categories set forth in Rule 12(f)." Wright & Miller, § 1382 (3d ed. 2020). Moreover, "[a]ny doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party." *Id.*

## I. DEFENDANT SEEKS TO STRIKE BASED ON FRE 408

The motion to strike makes little reference to the requirements of Rule 12(f). Instead, Defendant's argument is based entirely on Rule 408 of the Federal Rules of Evidence. ECF No. 15 at 4–5. Specifically, Defendant invokes Federal Rule of Evidence 408(a)(2), which provides that "evidence" of "conduct or a statement made during compromise negotiations about the claim" is "not admissible . . . either to prove or disprove the validity or amount of a disputed claim." *Id.* at 4. At the end of its motion to strike, Defendant asserts that the portions of Plaintiff's complaint it seeks to strike are "inadmissible under [Federal] Rule [of Evidence] 408 and therefore immaterial and potentially prejudicial." ECF No. 15 at 5. The Court therefore construes Defendant's argument to be that the challenged allegations are "immaterial" within the meaning of Rule 12(f).

### 1. Defendant must show the pleading had no possible relation to the controversy.

First, the Defendant was required to show that the portions of the pleading it seeks to strike have no possible relation to the controversy. *Chicca*, 2012 WL 651776, at *1. The motion to strike fails to address this element.

Instead, Defendant's argument is simply that the paragraphs in question reveal confidential settlement negotiations. ECF No. 15 at 4; ECF No. 25 at 2. However, the Court is not convinced that all the challenged allegations in fact reveal settlement negotiations.

The face of the complaint fails to establish that each paragraph Defendant seeks to strike reveals settlement negotiations. As Plaintiff argues, the facts alleged in paragraph 33 "do not pertain directly to any settlement communications, much less are they intended to establish liability or a calculation of damages." ECF No. 22 at 3.[2] With respect to the remaining challenged allegations, Plaintiff argues that those paragraphs reiterate calculations and statements made prior to any discussions post filing of the EEOC charge, rather they started months earlier in

---

[2] Paragraph 33 alleges:

On September 19, 2019, Washington's counsel sent Defendants a copy of the Charge of Discrimination along with an invitation to discuss a prompt and amicable resolution. Rather than attempt such a resolution, Defendants' outside legal counsel took issue with the filing of the Charge – which again, had to be filed within 180 days (or about 6 months) of any alleged incident of discrimination given the short limitations period under the equal employment opportunity laws.

ECF No. 11 at 10, ¶ 33.

pre-dispute communications between the parties. ECF No. 22 at 3–4.³ Plaintiff's email attachments to his complaint all predate the litigation, lending support to Plaintiff's argument that the statements in paragraphs 33 through 36 pertained to prelitigation facts, not settlement negotiations. ECF Nos. 11-2 – 11-5. Therefore, the Court finds that the allegations in paragraphs 33 through 36 do not reveal confidential settlement negotiations and Defendant's motion to strike them is without merit.

However, the Court finds that the objected to portion of paragraph 37 and all of paragraph 38 reveal discussions between counsel after the EEOC charge had been filed and appear to be discussions involving settlement. Because these paragraphs reveal settlement discussions and evidence supporting them would be excluded under Rule 408, these allegations would have no possible relation to the controversy. FED. R. CIV. P. 12(f).

---

³ For example, Paragraph 34 alleges:

After a telephone call between counsel, Defendants agreed to provide further explanation of how they had re-calculated the bonus that had previously been vetted and approved by senior management in March 2019 and paid out to Mr. Washington in April 2019 to purportedly now support their demand for payment from Washington to Defendants of $625,699. Those calculations were provided on October 7, 2019, and while the ***presentation*** (or packaging) of the calculations was different, the ***substance*** of the calculations remained the same as the calculations that were previously ***contested and rejected*** back in March, 2019, including with the involvement of the Senior VP of Risk and entire Senior Management Group.

ECF No. 11 at 11, ¶ 34 (emphasis in original).

### 2. Defendant must show that allowing the pleading will cause it prejudice.

To prevail on a Rule 12(f) motion to strike, Defendant must show that it would suffer significant prejudicial harm if the motion were not granted. *Blackmer*, 2007 WL 7239968, at *2. If Defendant fails in this showing, its motion must be denied, even if the content of the challenged allegations squarely qualify as "immaterial" within the meaning of Rule 12(f). Wright & Miller, § 1382 (3d ed. 2020); *accord Chicca*, 2012 WL 651776, at *1.

In the present case, although not couched in terms of prejudice, Defendant argues that the challenged allegations are offered "to prove . . . the validity of . . . a disputed claim," and that allowing them to stand would "chill the 'frank and full discussion' that Rule 408 is designed to encourage." ECF No. 25 at 3–4. The Fifth Circuit has recognized that "[e]ffective dispute resolution requires frank and full discussion of relevant evidence. Making the content of such a discussion available for use in related litigation would invite the very situation that Rule 408 is designed to avoid." *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 299 (5th Cir. 2010). Although the Fifth Circuit has found that the admission into evidence of the contents of settlement negotiation is harmful error – or prejudicial, *id.*, the Court could not find, and the Parties failed to cite, any cases in this circuit that allowed, let alone discussed, whether settlement negotiations should be stricken from a pleading under Rule 12(f). *See Blackmer*, 2007 WL 7239968, at *2.

Defendant cites several out-of-circuit district court decisions for the proposition that "[c]ourts routinely grant motions to strike where parties reveal in court filings the substance of settlement discussions that fall within the scope of Rule 408." ECF No. 15 at 4 (citing *Philadelphia's Church of Our Savior v. Concord Township*, No. Civ. 03-1766, 2004 WL 1824356, at *2 (E.D. Pa. July 27, 2004) (the court said that "[w]hile Rule 408 does not apply to pleadings directly, repeated decisions from this Court [the United States District Court for the Eastern District of Pennsylvania] have held that allegations in a complaint may be stricken, under Rule 12(f), as violative of the[] policies [underlying Rule 408]."); *United States ex rel. Alsaker v. Centracare Health System, Inc.*, Case No. Civ. 99-106(JRTRLE), 2002 WL 1285089, *2 (D. Minn. June 5, 2002) (the court held that "[a]lthough [Rule 408] is a rule of evidence, courts have routinely granted motions to strike allegations in pleadings that fall within the scope of Rule 408."); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 40 (S.D.N.Y. 1992) (granting motion to strike portions of a complaint referring to settlement discussions as immaterial and potentially prejudicial, stating that those allegations violated Rule 408); *Braman v. Woodfield Gardens Assocs. Realcorp Investors I*, 715 F. Supp. 226, 230 (N.D. Ill. 1989) (granting motion to strike, the court invoked the "plain language of Rule 408."). None of these cases applied a rigorous analysis of Rule 12(f) factors that have been applied in district courts in this district.

However, in *Philadelphia's Church of Our Savior*, the court explained that Rule 408 exclusionary powers are grounded in two rationales, 2004 WL 1824356, at *2, which the Fifth Circuit has also recognized, *Lyondell Chem. Co.*, 608 F.3d at 294-95. "First, the relevancy of settlement communications is thought to be suspect because they may have been an attempt to purchase peace rather than an admission of liability. Second, and perhaps 'most importantly,' the rule's exclusion of settlement evidence furthers public policy by promoting the voluntary settlement of disputes, which would be discouraged if evidence of compromise were later used in court." *Lyondell Chem. Co.*, 608 F.3d at 294-95; *Philadelphia's Church of Our Savior*, 2004 WL 1824356, at *2. Although Rule 408 patently applies to evidence, the rationale for the exclusion of evidence equally applies to excluding confidential settlement discussion from being revealed in pleadings. Therefore, the Court grants Defendant's motion to strike as it relates to the objected to portion of paragraph 37 and all of paragraph 38.

## Conclusion

For the reasons given above, it is hereby ORDERED that Defendant's motion to strike, ECF No. 15, is GRANTED IN PART AND DENIED IN PART. The motion is DENIED as to paragraphs 33 through 36. It is GRANTED as to the challenged portion of paragraphs 37 and all of paragraph 38. Paragraph 37 from the word "Moreover" through the end and paragraph 38 shall be STRICKEN.

Signed on January 21, 2021, at Houston, Texas.

*Dena Palermo*
Dena Hanovice Palermo
United States Magistrate Judge